STATE OF WEST VIRGINIA

**FILED**

*In re*: K.B.

**September 25, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 17-0417 (Wood County 16-JA-176)

## MEMORANDUM DECISION

Petitioner Father B.B., by counsel Jessica E. Myers, appeals the Circuit Court of Wood County's March 29, 2017, order terminating his parental rights to K.B.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Ernest M. Douglas, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in adjudicating him as an abusing parent and in terminating his parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2016, the DHHR filed an abuse and neglect petition against petitioner and K.B.'s mother alleging that they engaged in domestic violence in the child's presence and that they exposed the child to their drug use. According to the petition, a DHHR investigative worker interviewed the child and the child reported multiple instances of domestic violence between petitioner and the mother. She also reported that at least one of the incidents involved the discharge of a weapon. The child further reported that petitioner and her mother abused drugs in her presence.

In February of 2017, the circuit court held an adjudicatory hearing. Petitioner did not appear at the hearing but was represented by counsel. A DHHR investigator testified that the child disclosed to her that petitioner and the mother engaged in domestic violence and drug use in her presence and that the child expressed fear about being returned to the home. The investigator also testified that a neighbor reported to the worker that she provided care for the

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

child and that the child often spent the night at the neighbor's home when the parents did not return home. The investigator further testified that when she interviewed petitioner, he admitted to engaging in domestic violence in the child's presence and that one of the domestic violence instances "got out of control" and he fired a gun. The child's caseworker testified that it was difficult to contact petitioner and the mother and that they did not return her phone calls. She also testified that petitioner did not comply with random drug screening and that his visitation with the child was suspended due to his sporadic attendance. Based on the evidence presented, the circuit court found that petitioner exposed the child to domestic violence and adjudicated him as an abusing parent.

In March of 2017, the circuit court held a dispositional hearing. Petitioner again did not appear but was represented by counsel. Petitioner's counsel made an oral motion for an improvement period. The circuit court found that petitioner did not comply with random drug screening and failed to visit with the child. The circuit court also found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future due to petitioner's failure to participate in the underlying abuse and neglect proceedings. Based upon these findings, the circuit court terminated petitioner's parental rights by order dated March 29, 2017.[2] It is from this order that petitioner now appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

Petitioner argues on appeal that the circuit court erred in adjudicating him as an abusing parent because there was no "clear and convincing" evidence that he abused the child. We do not agree. According to West Virginia Code § 49-1-201(1)(A) and (D), an "[a]bused child" means a

---

[2]Petitioner and the mother's parental rights to the child were terminated below. According to the guardian, the child is currently placed in a foster home with the permanency plan of adoption. Additionally, the proceedings in circuit court concerned an additional child, M.T., who is not petitioner's biological child and, thus, is not at issue on appeal.

child whose health or welfare is being harmed or threatened by "[a] parent . . . who knowingly or intentionally inflicts, attempts to inflict or knowingly allows another person to inflict, physical injury or mental or emotional injury, upon the child or another child in the home." Further, West Virginia Code § 49-1-201(1)(D) also provides that an "[a]bused child" means a child whose health or welfare is being harmed or threatened by "[d]omestic violence."

We have described the "clear and convincing" standard as one in which

the evidence does not have to satisfy the stringent standard of beyond a reasonable doubt; the evidence must establish abuse by clear and convincing evidence. This Court has explained that "'clear and convincing' is the measure or degree of proof that will produce in the mind of the factfinder a firm belief or conviction as to the allegations sought to be established." *Brown v. Gobble*, 196 W.Va. 559, 564, 474 S.E.2d 489, 494 (1996)

*In re F.S. and Z.S.*, 233 W.Va. 538, 546, 759 S.E.2d 769, 777 (2014).

In this case, petitioner failed to appear for both the adjudicatory and the dispositional hearings and presented no evidence on his behalf to dispute the allegations contained in the abuse and neglect petition. We have held that

[b]ecause the purpose of an abuse and neglect proceeding is remedial, where the parent or guardian fails to respond to probative evidence offered against him/her during the course of an abuse and neglect proceeding, a lower court may properly consider that individual's silence as affirmative evidence of that individual's culpability.

Syl. Pt. 2, *West Virginia Dept. of Health and Human Resc. ex rel. Wright v. Doris*, 197 W.Va. 489, 475 S.E.2d 865 (1996). Moreover, the circuit court was presented with evidence that petitioner and the mother engaged in domestic violence and drug use in the child's presence and that the child expressed fear about being returned to the home. Petitioner admitted in his interview with a DHHR investigator that he engaged in domestic violence in the child's presence and that he fired a gun during one of the domestic violence instances. Given this evidence, we find no error in the circuit court's adjudication of petitioner as an abusing parent.

Petitioner also argues that the circuit court erred in terminating his parental rights without imposing a less-restrictive dispositional alternative. We disagree. West Virginia Code § 49-4-604(a)(6) provides that circuit courts are directed to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's welfare. West Virginia Code § 49-4-604(c)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when "'[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]" We have also held that "[t]ermination . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . .

3

that conditions of neglect or abuse can be substantially corrected." Syl. Pt. 7, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996).

In the instant case, it is clear that there was no reasonable likelihood that petitioner could have substantially corrected the conditions of abuse or neglect in the near future. Petitioner stood silent as to the allegations of domestic violence and drug abuse and refused to address the issues of abuse. This Court has stated that

> in order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable . . . .

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)). Because petitioner failed to acknowledge his abusive conduct, it is clear that the circuit court correctly found that there was no reasonable likelihood that the conditions of abuse could be substantially corrected. Moreover, the circuit court also found that termination was necessary for the child's welfare. As previously stated, pursuant to West Virginia Code § 49-4-604(a)(6), circuit courts are directed to terminate parental rights upon these findings.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 29, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**: September 25, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker